GROGAN, Respondent, vs. WISCONSIN SUGAR COMPANY, Appellant.

*February 6—March 17, 1914.*

. *Appeal: Affirmance: Disagreement in appellate court.*

Where a majority of the members of this court are not in accord
as to any ground for reversal, a judgment will be affirmed.

APPEAL from a judgment of the county court of Waukesha
county: DAVID W. AGNEW, Judge. *Affirmed.*

Action to recover on two written contracts, whereby plaint-
iff became obligated to plant a stipulated number of acres to
sugar beets, cultivate and harvest the same in good husband-
like manner, and deliver the matured crop to the defendant in
good condition. The latter, in consideration of performance
on plaintiff's part, agreed to pay him at a stipulated rate for
beets delivered. Plaintiff claimed that, at the time of mak-
ing the written contracts, defendant verbally agreed to fur-
nish him experienced and sufficient help to seasonably do that
part of the work required in producing the beet crop, called
hand work, such as thinning, hoeing, pulling, topping, bunch-
ing, piling, and covering the beets, and made it as an induce-
ment for plaintiff to crop his land to beets as agreed in writ-
ing, and that, though plaintiff fully performed all obliga-
tions incurred by him, defendant breached its verbal promise
to his damage in the sum of $350. Defendant answered put-
ting the allegations as to the verbal agreement, the breach
thereof, and damages in consequence thereof in issue and
pleaded a counterclaim of $85.53. The counterclaim was
duly replied to.

There was evidence of the making of the verbal contract
as alleged, a breach thereof, and damages thereby caused to
plaintiff around $300. There was also evidence, showing or
tending to show, that defendant, by conduct from the begin-
ning to the end of the period for performance between the

parties, recognized the existence of its promise to furnish the labor to do the so-called hand work. The counterclaim was admitted on the trial to the extent of $33.75. The jury in due form found in plaintiff's favor on all issues and assessed his damages at $264, after deducting the $33.75 admitted to be due defendant on its counterclaim. Judgment was rendered accordingly.

For the appellant there was a brief by *Frame & Blackstone,* and oral argument by *A. L. Blackstone.*

For the respondent there was a brief by *Merton, Newbury & Jacobson,* and oral argument by *M. A. Jacobson.*

MARSHALL, J. The rule as to disposition of a cause in case of there not being a majority of the members of the court in accord as to any ground for reversal requires the judgment in this case to be affirmed and renders filing of an opinion unnecessary, if not inadvisable.

*By the Court.*—Judgment affirmed.

For the appellant there was a brief by *Frame & Blackstone,* and oral argument by *A. L. Blackstone.*

For the respondent there was a brief by *Merton, Newbury & Jacobson,* and oral argument by *M. A. Jacobson.*

